IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-1557-DDD-STV

DARREN PATTERSON CHRISTIAN ACADEMY,

    Plaintiff,

v.

LISA ROY, et al.,

    Defendants.

---

## JOINT [PROPOSED] SCHEDULING ORDER

---

Plaintiff Darren Patterson Christian Academy and Defendants Lisa Roy and Dawn Odean (collectively, "the parties") hereby submit this Joint Proposed Scheduling Order pursuant to ECF No. 8 and D.C.COLO.LCivR 16.2.

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of Conference: August 8, 2023

Counsel appearing for Plaintiff:

Jeremiah Galus
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Email: jgalus@ADFlegal.org

Jacob E. Reed
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
Telephone: (571) 707-4655
Email: jreed@ADFlegal.org

Counsel appearing for Defendants:

Virginia R. Carreno
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: 720-508-6601
Email: Virginia.Carreno@coag.gov

Janna K. Fischer
Colorado Attorney General's Office
1300 Broadway, 8th Floor
Denver, CO 80203
Telephone: 720-508-6374
Email: Janna.Fischer@coag.gov

Nicole S. Rust
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: 720-508-6139
Email: Niki.Rust@coag.gov

## 2. STATEMENT OF JURISDICTION

Plaintiff states that jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under the Constitution of the United States. Plaintiff further contends that it has standing and that this case is ripe.

Defendants state that this Court does not have subject matter jurisdiction over Plaintiff's claims and argue that this case should be dismissed under Fed. R. Civ. P. 12(b)(1). Defendants filed a Motion to Dismiss asserting that Plaintiff lacks standing as it has not shown that is has suffered "(1) an injury in fact that is concrete and particularized and actual or imminent, (2) that the injury is fairly traceable to the challenged action of the defendant, and (3) that the injury is likely to be redressed by a favorable decision." *Peck v. McCann*, 43 F.4th 1116, 1129 (10th Cir. 2022) (internal quotes omitted). Moreover, Defendants assert that this Court lacks subject matter jurisdiction as Plaintiff's claim is not ripe. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995). The issue is not fit for judicial resolution as there is no hardship to the Plaintiff. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967).

Although Defendants contend that this Court does not have Article III subject matter jurisdiction for the reasons noted above, they acknowledge that the statutory requirements for establishing subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 are satisfied.

## 3. STATEMENT OF CLAIMS AND DEFENSES

    a.    *Plaintiffs:*

Plaintiff alleges that to participate in Colorado's Universal Preschool Program Defendants require Plaintiff to comply with two nondiscrimination provisions that interfere with Plaintiff's religious autonomy, (Claim 1), religious exercise (Claims 2

and 3), expressive association (Claim 4), free speech (Claim 5), and equal protection rights (Claim 6).

    b.    *Defendants:*

Defendants maintain that the Court should dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) as the Court lacks subject matter jurisdiction to hear Plaintiff's claim. The Plaintiff is participating in the Universal Preschool Program and has since January 2023, has had 18 students enroll through the Program, and received its first tuition payment totaling $10,832.76 on August 1, 2023. The Plaintiff has not alleged an injury in its Complaint and there has been no effect on Plaintiff's day-to-day functioning. The Plaintiff lacks standing, and its claims are not ripe for judicial review.  Further, Defendants maintain that the statutory and contractual requirements for Program participation do not violate any of the Plaintiff's constitutional rights.

    c.    *Other Parties: N/A.*

## 4. UNDISPUTED FACTS

The following facts are undisputed:

The parties do not currently stipulate to any facts. However, the parties will continue to work together to identify any stipulated facts that will streamline the presentation of evidence.

## 5. COMPUTATION OF DAMAGES

Plaintiff does not seek damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a.    *Date of Rule 26(f) meeting.*

August 8, 2023

    b.    *Names of each participant and party he/she represented.*

Counsel appearing for Plaintiff:

Jeremiah Galus
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Email: jgalus@ADFlegal.org

Jacob E. Reed
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
Telephone: (571) 707-4655
Email: jreed@ADFlegal.org

Counsel appearing for Defendants:

Virginia R. Carreno
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: 720-508-6601
Email: Virginia.Carreno@coag.gov

Janna K. Fischer
Colorado Attorney General's Office
1300 Broadway, 8th Floor
Denver, CO 80203
Telephone: 720-508-6374
Email: Janna.Fischer@coag.gov

Nicole S. Rust
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: 720-508-6139
Email: Niki.Rust@coag.gov

     c.     *Statement as to when Rule 26(a)(1) disclosures were made or will be made.*

The parties agree and stipulate to make Rule 26(a)(1) disclosures within 14 days of the Court's decision on Plaintiff's pending Motion for Preliminary Injunction (ECF No. 14).

    d.    *Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).*

The parties jointly propose to make initial disclosures within 14 days of the Court's decision on Plaintiff's pending Motion for Preliminary Injunction (ECF No. 14).

    e.    *Statement concerning any agreements to conduct informal discovery:*

There are no such agreements.

    f.    *Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.*

The parties have agreed to use a unified exhibit numbering system. Plaintiff will number exhibits 1 through 1000; Defendants will number exhibits starting at 1001.

    g.    *Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.*

The parties anticipate discovery will involve an average amount of electronically stored information.

    h.    *Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.*

No such discussions to date.

## 7.  CONSENT

All parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

    a.    *Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.*

The parties do not propose to modify the number of depositions or interrogatories as allowed by the Federal Rules.

    b.    *Limitations which any party proposes on the length of depositions.*

The parties do not propose to alter the length of depositions.

    c.    *Limitations which any party proposes on the number of requests for production and/or requests for admission.*

At this time the parties do not anticipate needing more than 25 requests for production or 25 requests for admission (per side), but reserve the right to propound more as allowed by the Federal Rules.

     d.    *Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:*

The parties propose 30 days prior to the discovery cut-off deadline.

     e.    *Other Planning or Discovery Orders*

None at this time.

## 9. CASE PLAN AND SCHEDULE

     a.    *Deadline for Joinder of Parties and Amendment of Pleadings:*

The parties propose 45 days after the scheduling conference.

     b.    *Discovery Cut-off:*

The parties propose 6 months after the Court issues its decision on Plaintiff's Motion for Preliminary Injunction (ECF No. 14).

     c.    *Dispositive Motion Deadline:*

The parties propose 60 days after the discovery cut-off deadline.

     d.    *Expert Witness Disclosure*
           1.    *The parties shall identify anticipated fields of expert testimony, if any.*

Plaintiff does not anticipate the need for expert testimony but reserves the right to use expert testimony.

Defendants reserve the right to utilize expert testimony.

           2.    *Limitations which the parties propose on the use or number of expert witnesses.*

Plaintiff does not anticipate the need for expert testimony but reserves the right to use expert testimony.

Defendants reserve the right to utilize expert testimony.

>    3. *The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before*

60 days prior to the discovery cut-off deadline.

>    4. *The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before*

30 days prior to the discovery cut-off deadline.

    e.    *Identification of Persons to Be Deposed:*

Plaintiff intends to depose:

Defendant Lisa Roy; Defendant Dawn Odean; persons designated as representatives of the Colorado Department of Early Childhood (pursuant to Rule 30(b)(6)); Lyndsay Pulsipher; and any additional persons with relevant information who are identified through discovery.

Defendants:

Defendants reserve the right to seek a protective order based on the Apex/high-ranking official doctrine.

Defendants intend to depose:

Josh Drexler, Head of School at Darren Patterson Christian Academy; Jason Tippetts; Sarah Tippetts; Jordan Euler; Carrie Euler; any staff member of Darren Patterson Christian Academy; any board member of Darren Patterson Christian Academy; anyone designated as a representative of Darren Patterson Christian Academy pursuant to Fed. R. Civ. P. 30(b)(6); and any additional persons with relevant information who are identified through discovery.

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.  Status conferences will be held in this case at the following dates and times:

_____

b.  A final pretrial conference will be held in this case on _____ at o'clock ____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

*a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.*

None.

*b. Anticipated length of trial and whether trial is to the court or jury.*

The parties anticipate a trial (if needed) lasting no longer than 5 days. Plaintiff would expect any trial will be to the Court.

Defendants reserve the right to a jury trial pursuant to Fed. R. Civ P. 38(a). Defendants may serve Plaintiff with a written demand for jury trial in compliance with Fed. R. Civ. P. 38(b) no later than 14 days after their submission of an Answer.

*c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.*

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a). Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may only be altered or amended upon a showing of good cause.

DATED at Denver, Colorado, this ___ day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

s/ Jacob E. Reed                             s/ Virginia R. Carreno

Jacob E. Reed
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
Telephone: (571) 707-4655
Email: jreed@ADFlegal.org
*Counsel for Plaintiff*

Virginia R. Carreno
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: 720-508-6601
Email: Virginia.Carreno@coag.gov
*Counsel for Defendants*