**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01557-DDD-STV

**DARREN PATTERSON CHRISTIAN ACADEMY**
        Plaintiff,
v.

**LISA ROY**, in her official capacity as Executive Director of the Colorado Department of Early Childhood; and

**DAWN ODEAN**, in her official capacity as Director of Colorado's Universal Preschool Program,
        Defendants.

**COMBINED BRIEF IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    I.      Plaintiff continues to lack standing. ....................................................... 2

          A.      Plaintiff fails to establish any credible threat of enforcement and cannot show that the challenged statute and Quality Assurance Provision objectively chill its speech. ..................................................... 2

               1.    Plaintiff alleges only a subjective chill. ................................. 3

               2.    No facts support a credible threat of enforcement. .............. 3

          B.      Plaintiff faces no credible threat of enforcement of the Blanket Provision (Contractual Provision 18(B)). ............................................... 8

          C.      Plaintiff's alleged injury is self-inflicted and does not establish standing. ........................................................................................... 8

    II.     This case is not ripe. ........................................................................... 9

    III.    No preliminary injunction is warranted. ............................................. 11

          A.      Plaintiff suffers no irreparable harm warranting preliminary relief… ........................................................................................... 12

          B.      The remaining factors also disfavor preliminary injunctive relief… ........................................................................................... 12

CONCLUSION ................................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

*303 Creative LLC v. Elenis*, 6 F.4th 1160 (10th Cir. 2021) .................................... 4, 5

*Abbott v. Pastides*, 900 F.3d 160 (4th Cir. 2018) ......................................................... 6

*Bigelow v. Virginia,* 421 U.S. 809 (1975) ...................................................................... 3

*Clapper v. Amnesty Intern. USA,* 568 U.S. 398 (2013) ........................................ 2, 8, 9

*Colorado Union of Taxpayers, Inc. v. Griswold*, No. 22-1122, 2023 WL 5426581 (10th Cir. Aug. 23, 2023) ............................................................................................ 5, 7

*D.L.S. v. Utah*, 374 F.3d 971 (10th Cir. 2004) .............................................................. 3

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006) ................................................ 10

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256 (10th Cir. 2004) ................................................................................................................................ 13

*Heideman v. S. Salt Lake City*, 348 F.3d 1182 (10th Cir. 2003) ............................... 12

*Keyes v. Sch. Dist. No. 1, Denver, Colo.,* 119 F.3d 1437 (10th Cir. 1997) .................. 10

*Laird v. Tatum*, 408 U.S. 1 (1972) ................................................................................ 3

*Mazurek v. Armstrong*, 520 U.S. 968 (1997) .............................................................. 12

*Mink v. Suthers*, 482 F.3d 1244 (10th Cir. 2007) ........................................................ 7

*Morrison v. Bd. of Educ. of Boyd Cnty.*, 521 F.3d 602 (6th Cir. 2008) ........................ 3

*Nat'l Shooting Sports Found. v. Att'y Gen. of New Jersey*, No. 23-1214, 2023 WL 5286171 (3d Cir. Aug. 17, 2023) .................................................................................... 5

*New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495 (10th Cir. 1995) ........ 10

*Norwood v. Harrison*, 413 U.S. 455 (1973) ................................................................ 13

*Peck v. McCann*, 43 F.4th 1116 (10th Cir. 2022) .......................................... 4, 5, 10, 11

*Pena Villasano v. Garfield Cnty. Sch. Dist. 16*, No. 23-CV-01317-RMR, 2023 WL 3687441 (D. Colo. May 26, 2023) ........................................................................... 12

*See Schaffer v. Clinton,* 240 F.3d 878 (10th Cir. 2001) ............................................. 10

*Texas Brine Company, LLC and Occidental Chemical Corporation*, 879 F.3d 1224 (10th Cir. 2018) ...................................................................................................... 9

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ................................................. 12

*United States v. Cabral*, 926 F.3d 687 (10th Cir. 2019) ............................................ 10

*Utah Republican Party v. Cox*, 892 F.3d 1066 (10th Cir. 2018) ................................. 11

*Whole Woman's Health v. Jackson*, 595 U.S. 30, 49 (2021) ..................................... 1, 5

**Statutes**

Colo. Rev. Stat. § 1-45-111.7(2)(a) (2023) ..................................................................... 7

Colo. Rev. Stat. § 26.5-1-102(1)(a), (f) (2023) ............................................................. 13

Colo. Rev. Stat. § 26.5-4-202 (2023) ........................................................................... 13

## INTRODUCTION

Plaintiff's briefing confirms that any alleged injury is hypothetical and that this Court lacks subject matter jurisdiction. Although Plaintiff must establish standing and ripeness, it fails to show any injury based in reality; nor does it establish that this dispute is fit for judicial decision. Plaintiff seeks an advisory opinion based on a hypothetical chain of events that may never occur.

Because it cannot establish any injury, Plaintiff suggests that the First Amendment provides federal courts with *carte blanche* subject matter jurisdiction. But the Supreme Court "has never recognized an unqualified right to pre-enforcement review of constitutional claims in federal court." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 49 (2021). A "'chilling effect' associated with a potentially unconstitutional law being 'on the books' is insufficient by itself to 'justify federal intervention' in a pre-enforcement suit." *Id.* at 50 (citations omitted). This applies even if the "challenged law in question is said to chill the *free exercise of religion*, the *freedom of speech*..." *Id.* (emphasis added). And "[o]ne thing this Court may never do is disregard the traditional limits on the jurisdiction of federal courts just to see a favored result win the day." *Id.* at 51. Instead, courts must require "proof of a more concrete injury and compliance with traditional rules of equitable practice." *Id.* at 50.

But here, there is no injury. Plaintiff is participating in Colorado's Universal Preschool Program (the "Program") and 20 children were matched to Plaintiff's

1

preschool as parent's number one choice of school. Supplemental Declaration of Dawn Odean at ¶12.[1] In return, the Colorado Department of Early Childhood (the "Department") continues to reimburse Plaintiff for services rendered. And the Department has not taken or threatened enforcement action against the Plaintiff.

Plaintiff now attempts to create a self-inflicted "injury:" it claims that it has not spent funds received from the Department based on the false premise that the Department will recoup payment when the Department has no authority to recover payments for services Plaintiff actually provided. Supp. Dec. at ¶ 33. The Supreme Court is clear that this type of manufactured injury is insufficient to warrant judicial intervention. *See Clapper v. Amnesty Intern. USA,* 568 U.S. 398, 402 (2013).

## ARGUMENT

**I.     Plaintiff continues to lack standing.**

    **A.     Plaintiff fails to establish any credible threat of enforcement and cannot show that the challenged statute and Quality Assurance Provision objectively chill its speech.**

Plaintiff seeks an advisory opinion based on the premise that on some unknown day in the future, the Department will enforce the challenged statute and Quality Assurance Provision against them. But that is not enough. Plaintiff fails to meet its burden.

---

[1] This Supplemental Declaration and the Original Declaration (Doc. 28-1) constitute the Defendants' witness declarations. *See* Doc. 32.

### 1. Plaintiff alleges only a subjective chill.

A party bringing First Amendment claims "must present more than '(a)llegations of a subjective chill.'" *Bigelow v. Virginia,* 421 U.S. 809, 816 (1975) (quoting *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972)). "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm[.]" *Laird*, 408 U.S. at 13-14. "The chilling effect, to amount to an injury, must arise from an objectively justified fear of real consequences, which can be satisfied by showing a credible threat of prosecution or other consequences following from the statute's enforcement." *D.L.S. v. Utah*, 374 F.3d 971, 975 (10th Cir. 2004); *see also Morrison v. Bd. of Educ. of Boyd Cnty.*, 521 F.3d 602 (6th Cir. 2008).

Plaintiff argues it has standing because the "challenged rules" chill its speech and religious exercise. Doc. 38 at 4. But Plaintiff does not allege that it has made any change to its policies because of its participation in the Program. Rather, Plaintiff continues to provide preschool services and to receive payment for those services, and the Department has not acted against Plaintiff. Plaintiff's subjective worry is not enough.

### 2. No facts support a credible threat of enforcement.

Plaintiff next attempts to show a credible threat of enforcement through several separate arguments, claiming that: (1) Plaintiff does not need to subject

itself to a penalty to have standing; (2) lack of enforcement does not matter because the Program is new; (3) possible investigations constitute a credible threat; (4) third parties may file a complaint; and (5) Defendants have not disavowed enforcement. As explained below, each argument fails.

***No need to subject itself to penalty*:**

Plaintiff argues it does not have to subject itself to "penalty" or be "explicitly threatened" with enforcement to have standing. Doc. 38 at 7. Each of the cases Plaintiff relies upon are distinguishable.

In *Peck v. McCann*, the Tenth Circuit found a credible threat of enforcement where the challenger had previously made a disclosure in violation of statute, the challenger made a sworn declaration stating a desire to make another disclosure in violation of statute, and a judge issued an order warning the challenger against making such disclosures. 43 F.4th 1116, 1130 (10th Cir. 2022). In *303 Creative LLC v. Elenis*, the court found a credible threat of enforcement because appellant intended to refuse to provide certain services in direct conflict with the challenged statute where there was a "history of past enforcement against nearly identical conduct." 6 F.4th 1160, 1170 (10th Cir. 2021). And in *Colorado Union of Taxpayers, Inc. v. Griswold*, the court found a credible threat of enforcement where the plaintiff had already failed to comply with one provision of the challenged law, and where it credibly announced its plan to violate another provision of the law that had been enforced against other parties in similar circumstances. No. 22-1122, 2023 WL

5426581, at *1-7 (10th Cir. Aug. 23, 2023). None of the facts that supported standing in *Peck*, *303 Creative*, and *Colorado Union* are present in this record.

Plaintiff points to nothing but imagined enforcement based on a hypothetical chain of events that may never occur. Again, possible enforcement of the Quality Assurance Provision would require at least ten steps, involving various actions by a family and Plaintiff. Doc. 28 at 8-9. Plaintiff has not met its burden to present a sufficient factual record to support a credible threat of enforcement.

### *Lack of enforcement*:

Plaintiff argues that the existence of a new law "alone may create a threat that is credible enough to create standing." *See* Doc. 38 at 8. But this is in direct conflict with Supreme Court precedent, which again provides that "the 'chilling effect' associated with a potentially unconstitutional law being 'on the books' is insufficient" by itself to "'justify federal intervention' in a pre-enforcement suit." *Whole Woman's Health*, 595 U.S. at 50. Moreover, courts hold that the newness of a law does not relieve a plaintiff of its burden to establish a credible threat of enforcement. *See Nat'l Shooting Sports Found. v. Att'y Gen. of New Jersey*, No. 23-1214, 2023 WL 5286171, at *6 (3d Cir. Aug. 17, 2023) ("True, the Law is new, so lack of enforcement does not tell us much either way. But the Foundation bears the burden to show standing, and this indeterminate factor does not help it carry that burden.").

***Possibility of investigation:***

Plaintiff next imagines an intrusive and lengthy investigation into a hypothetical complaint to allege that the prospect of an investigation presents a credible threat of enforcement. But that again is speculative, without basis in fact or experience, and is insufficient to establish standing. *Abbott v. Pastides*, 900 F.3d 160, 179 (4th Cir. 2018) ("[B]ecause the plaintiffs can point to no reason to think they will be subjected to some different and more onerous process not yet experienced or threatened, their claim to injury by way of threatened 'process' is purely speculative and thus insufficient to establish standing.").

***Third-Party Enforcement:***

Plaintiff next argues that it faces a credible threat of enforcement under Contractual Provision 18(B) because "virtually anybody can file a complaint and enforce the challenged rules against the school." Doc. 38 at 9. [2]

Not so. First, the Department has exclusive authority to enforce the Quality Assurance Provision; no third-party enforcement of any kind is available under that Provision. Doc. 28 at 12.

Second, unlike the cases cited by Plaintiff, Contractual Provision 18(B) permits complaints only by persons who believe they themselves have been discriminated against in receiving preschool services or in employment at a

---

[2] Plaintiff also conflates and confuses the actual issues by pointing to the Colorado Anti-Discrimination Act ("CADA"). However, this case is not a challenge to CADA.

6

participating preschool. Doc. 1-6 at 29. It is simply not true that "virtually anybody" can enforce the terms of the Agreement between the Department and a Program provider. This is in stark contrast to the campaign finance laws at issue in *Colorado Union of Taxpayers*, which enable "[a]ny person who believes that a violation has occurred" to file a complaint. *Colo. Union of Taxpayers, Inc.*, 2023 WL 5426581 at *4 (citing Colo. Rev. Stat. § 1-45-111.7(2)(a)).

### *Disavowal:*

Plaintiff asserts that the Department has refused to disavow future enforcement because it did not grant Plaintiff a religious exemption. But as Defendant Roy explained, the Department does not have authority to create an exemption from a statutory requirement. *See* Doc. 1-10 at 2. Even so, it is not necessary for the Department to "refute and eliminate all possible risk that the statute might be enforced to demonstrate a lack of a case or controversy." *Mink v. Suthers*, 482 F.3d 1244, 1255 (10th Cir. 2007).

Defendants are not required to refute enforcement based on a hypothetical chain of events that lack specific facts and are unlikely to occur. Parents of 20 children chose Plaintiff's preschool as their number one choice, the Department matched those families with Plaintiff, Plaintiff continues to be paid for the services provided, and the Department has not taken or threatened enforcement action against Plaintiff.

### B. Plaintiff faces no credible threat of enforcement of the Blanket Provision (Contractual Provision 18(B)).

As to Contractual Provision 18(B) and Plaintiff's hiring decisions, the Department "disavows enforcement of Contractual Provision 18(B) against religious providers who hire co-religionists in accordance with federal law[.]" Doc. 28-1 at ¶ 26. As to ministerial employees, the Department similarly disavows enforcement "against religious providers' employment decisions involving their ministerial employees as protected by federal law." *Id.* at ¶ 27.

Plaintiff argues that this disavowal is not enough, pointing to ongoing legal actions in other states debating the scope of Title VII's religious exemptions. But the Department cannot be more specific about its position in any future enforcement action without actual facts that would enable it to determine whether a contested employment action involved "ministerial employees" or determine the actual basis for a contested employment action. Again, possible enforcement of Contractual Provision 18(B) would require at least eight steps involving various actions by Plaintiff and an employee or applicant for employment. Doc 28 at 9.

### C. Plaintiff's alleged injury is self-inflicted and does not establish standing.

As the Supreme Court made clear in *Clapper v. Amnesty International USA*, a plaintiff cannot "manufacture" standing by making choices "based on hypothetical future harm that is not certainly impending." 568 U.S. 398, 402 (2013). Plaintiffs cannot assert a standing theory that "relies on a highly attenuated chain of

8

possibilities." *Id*. at 410. Such theory "does not satisfy the requirement that threatened injury must be certainly impending." *Id*.

That is exactly what happened here. Plaintiff asserts an injury because it chose not to spend funds it received through the Program for services it already provided. Doc. 38 at 1. Plaintiff contends that although the Department paid it for providing preschool services, its "ability to use [those funds] is contingent upon the school being able to 'fully participate' in [the Program]." Doc. 38-1 at 2 ¶¶ 3-6. This is untrue as Plaintiff is already fully participating the Program. The Plaintiff was paid $10,832.76 on August 1 after 18 preschool students were initially enrolled through the Program and started preschool that month. On September 8, Plaintiff was paid $1,661.90 for two additional students matched to it in August and then $12,494.66 for the now 20 preschool students currently matched in its preschool through the Program. Supp. Dec. at ¶¶ 24-26. Nothing prevents Plaintiff from using the nearly $25,000 it has *already* received, and completely controls, for the services it has *already* provided.

## II. This case is not ripe.

Plaintiff argues that the Defendants' ripeness arguments are solely prudential, and not jurisdictional. But Defendants challenge this dispute's ripeness for both jurisdictional and prudential concerns. *See Texas Brine Company, LLC and Occidental Chemical Corporation*, 879 F.3d 1224, 1229 (10th Cir. 2018) ("the ripeness doctrine derives from both constitutional and prudential concerns.").

9

"The question of whether a claim is ripe for review bears on a court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498–99 (10th Cir. 1995); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ("The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does."). Unlike standing, ripeness focuses "not on whether the plaintiff was in fact harmed, but rather whether the harm asserted has matured sufficiently to warrant judicial intervention." *Peck,* 43 F.4th at 1133 (citations omitted). In this way, Article III's ripeness and other justiciability requirements ensure that courts have sufficient facts to make fully informed decisions about "difficult constitutional questions," and preserves the wise use of federal courts' scarce judicial resources. *See Schaffer v. Clinton,* 240 F.3d 878, 883 (10th Cir. 2001); *Keyes v. Sch. Dist. No. 1, Denver, Colo.,* 119 F.3d 1437, 1443 (10th Cir. 1997). And even if a case "satisfies Article III's 'case or controversy requirement,' [courts] may still decline to review it under the prudential ripeness doctrine." *United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019).

This dispute is not ripe for several reasons. First, the Department only recently started the rulemaking process for the Program's Quality Standards, which may affect matters relevant to issues in this case. Supp. Dec. at ¶¶ 34-43. The Department has invited input from public stakeholders, including faith-based

10

providers, and expects the final rules will be promulgated by the Spring of 2024, effective beginning the 2024-2025 school year. *Id.*

In addition, Plaintiff has not established ripeness because the dispute is not fit for judicial resolution and withholding review will not cause hardship. Plaintiff asserts this case is fit for resolution because the school has policies and employment practices that it believes violate the Agreement. But the Department has not taken or threatened enforcement action based on these policies and practices. And again, it may never do so, given the chain of events that would first have to occur. For the Department to make any such decision—and for this Court to assess the legality of any such decision—requires specific facts entirely absent here.

Nor would withholding judicial consideration impose a hardship on Plaintiff. "In assessing hardship, [courts] typically focus on whether the challenged action creates a direct and immediate dilemma for the parties." *Peck,* 43 F.4th at 1134. "By declining to address the remedy of a violation which may never occur, we simply maintain the status quo." *Utah Republican Party v. Cox*, 892 F.3d 1066, 1093 (10th Cir. 2018). Plaintiff has not presented a "direct and immediate dilemma;" rather, it speculates about a potential future dilemma. By declining to address the Plaintiff's claims, the Court simply maintains the status quo.

### III. No preliminary injunction is warranted.

As discussed above, Plaintiff has not shown a likelihood of success on the merits because it does not have standing and this case is not ripe. Plaintiff falsely

11

states that Defendants do not contest the merits of this action. Doc. 38 at 14. Defendants absolutely do not concede the merits and are prepared to defend the merits should this case move forward. But, Plaintiff cannot proceed to the merits without first establishing Article III justiciability. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021). Moreover, it is Plaintiff's burden on all four factors to show that the extraordinary and drastic remedy of a preliminary injunction is warranted. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). That burden is not met.

### A. Plaintiff suffers no irreparable harm warranting preliminary relief.

Plaintiff cannot show that it will suffer irreparable harm absent a preliminary injunction. Plaintiff is participating in the Program, is receiving payment for the services it provides, and has not changed its practices. Its alleged injury is entirely hypothetical and based on a series of events that have not occurred and may never occur. Plaintiff suffers no harm that is "certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

### B. The remaining factors also disfavor preliminary injunctive relief.

"Without a showing of irreparable harm, the court need not balance the harms or evaluate the public interest in depth." *Pena Villasano v. Garfield Cnty. Sch. Dist. 16*, No. 23-CV-01317-RMR, 2023 WL 3687441, at *9 (D. Colo. May 26, 2023) (citing *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d

1256, 1260 (10th Cir. 2004). Again, Plaintiff has not shown any harm. Nor does it make any effort to address the remaining preliminary injunction factors.

As outlined in Defendants' Response to the Motion for Preliminary Injunction, the third and fourth factors —the public interest and the balance of equities—coincide in this case and weigh against granting a preliminary injunction. The actions of Colorado voters and the General Assembly resulted in the creation of the Program to better serve Colorado children and families. Colo. Rev. Stat. §§ 26.5-4-202; 26.5-1-102(1)(a), (f). In addition, the government has a long-standing public interest in preventing discrimination in the education of children. *See Norwood v. Harrison*, 413 U.S. 455, 469 (1973).

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss should be granted and Plaintiff's Motion for Preliminary Injunction should be denied.

DATED: September 28, 2023.

>PHILIP J. WEISER
>Attorney General
>
>s/Virginia Carreno
>*VIRGINIA R. CARRENO, #40998*\*
>Second Assistant Attorney General
>*JANNA K. FISCHER*, #44952\*
>Senior Assistant Attorney General
>RYAN LORCH, #51450\*
>Senior Assistant Attorney General
>BRIANNA S. TANCHER, #55177\*
>Assistant Attorney General
>Colorado Attorney General's Office

13

1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6000
Email:virginia.carreno@coag.gov
         janna.fischer@coag.gov
         ryan.lorch@coag.gov
         brianna.tancher@coag.gov
*Attorneys for Defendants*
*Counsel of Record

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1) and as set forth in the Order Setting Briefing Schedule and Hearing on Motion for Preliminary Injunction and Motion to Dismiss (ECF No. 32).

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, I electronically filed the foregoing **COMBINED BRIEF IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

Jacob E. Reed
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
Email: jreed@ADFlegal.org

David A. Cortman
Ryan J. Tucker
Jeremiah Galus
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
Email: dcortman@ADFlegal.org; rtucker@ADFlegal.org; jgalus@ADFlegal.org

*Attorneys for Plaintiff*

*s/ Bonnie Smith*
Bonnie Smith
