## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01557-DDD-STV

**DARREN PATTERSON CHRISTIAN ACADEMY**
      Plaintiff,
v.

**LISA ROY**, in her official capacity as Executive Director of the Colorado Department of Early Childhood; and

**DAWN ODEAN**, in her official capacity as Director of Colorado's Universal Preschool Program,
      Defendants.

## ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

On June 20, 2023, Plaintiff filed a Complaint (ECF #1). Defendants filed a Motion to Dismiss on August 7, 2023 (ECF #28). This Court denied the Motion to Dismiss on October 21, 2023 (ECF #53). Accordingly, Defendants Lisa Roy and Dawn Odean, in their official capacities, submit the following Answer to the Complaint.

### I.      ANSWER TO INTRODUCTION

1.      Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 1, and therefore deny them.

2.      Defendants admit that the Universal Preschool Program ("Program") took effect July 1, 2023. Defendants deny the remaining allegations in Paragraph 2.

3.      Defendants admit the allegations in Paragraph 3.

1

4.      Defendants admit that Plaintiff Darren Patterson Christian Academy ("DPCA") participates in the Program. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore deny them.

5.      Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 5, and therefore deny them.

6.      Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 6, and therefore deny them.

7.      Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 7, and therefore deny them.

8.      Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 8, and therefore deny them.

9.      Defendants deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

12.     Defendants admit that DPCA contacted Defendants. The remaining allegations in Paragraph 12 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

13.     Defendants deny the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

15.     The allegation in Paragraph 15 is a legal contention to which no response is required. To the extent a response is required, Defendants deny the allegations.

16.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny them.

17.     Defendants admit that DPCA was matched with children through the Program for the 2023-24 school year. The remaining allegations in Paragraph 17 are legal contentions to which no response is required, or, to the extent the allegations are factual, Defendants are without sufficient information to form a belief as to the truth of the allegations. To the extent a response is required, Defendants deny the allegations.

18.     The allegations in Paragraph 18 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

19.     The allegations in Paragraph 19 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

20.     The allegations in Paragraph 20 are legal contentions to which no

response is required. To the extent a response is required, Defendants deny the allegations.

## II. ANSWER TO JURISDICTION AND VENUE

21.     Defendants admit that the Court has federal question jurisdiction over this matter. Any remaining allegations in Paragraph 21 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

22.     Defendants admit that the Court has federal question jurisdiction over this matter. Any remaining allegations in Paragraph 22 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

23.     If this Court has subject matter jurisdiction (which the Defendants deny) then Defendants admit that the Court would have the power to grant declaratory and injunctive relief. Any remaining allegations in Paragraph 23 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

24.     If this Court has subject matter jurisdiction (which the Defendants deny) then the Defendants admit that the Court would have the power to award costs and attorney fees. Any remaining allegations in Paragraph 24 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

25.     Defendants admit that venue is proper in this district. Any remaining allegations in Paragraph 25 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## II.     ANSWER TO PARTIES

26.     Defendants admit that the Plaintiff in this matter is Darren Patterson Christian Academy. As for the remaining allegations, Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 26, and therefore deny them.

27.     Defendants admit that Dr. Lisa Roy is the Executive Director of the Colorado Department of Early Childhood and that she is being sued in her official capacity; Defendants admit that CDEC is authorized to make rules and deny the remaining allegations in paragraph 27.

28.     Defendants admit that Dawn Odean is the Department of Early Childhood's Universal Preschool Program Director and that she is being sued in her official capacity; however, Defendants deny the remaining allegations in paragraph 28.

29.     Defendants admit that both Dawn Odean and Dr. Lisa Roy work with the Department of Early Childhood to administer Colorado's Universal Preschool Program. The remainder of Paragraph 29 does not require a response.

## III.     ANSWER TO STATEMENT OF FACTS

30.     Defendants are without sufficient information to form a belief as to

the truth of the allegations in Paragraph 30, and therefore deny them.

31.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 31, and therefore deny them.

32.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 32, and therefore deny them.

33.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 33, and therefore deny them.

34.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 34, and therefore deny them.

35.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 35, and therefore deny them.

36.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 36, and therefore deny them.

37.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 37, and therefore deny them.

38.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 38, and therefore deny them.

39.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 39, and therefore deny them.

40.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 40, and therefore deny them.

41.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 41, and therefore deny them.

42.     Defendants admit that Busy Bees Preschool is a licensed child care center. As for the remaining allegations, Defendants are without sufficient information to form a belief as to the truth of the rest of the allegations in Paragraph 42, and therefore deny them.

43.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 43, and therefore deny them.

44.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 44, and therefore deny them.

45.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 45, and therefore deny them.

46.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 46, and therefore deny them.

47.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 47, and therefore deny them.

48.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 48, and therefore deny them.

49.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 49, and therefore deny them.

50.     Defendants are without sufficient information to form a belief as to the

truth of the allegations in Paragraph 50, and therefore deny them.

51.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 51, and therefore deny them.

52.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 52, and therefore deny them.

53.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 53, and therefore deny them.

54.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 54, and therefore deny them.

55.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 55, and therefore deny them.

56.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 56, and therefore deny them.

57.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 57, and therefore deny them.

58.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 58, and therefore deny them.

59.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 59, and therefore deny them.

60.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 60, and therefore deny them.

61.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 61, and therefore deny them.

62.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 62, and therefore deny them.

63.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 63, and therefore deny them.

64.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 64, and therefore deny them.

65.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 65, and therefore deny them.

66.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 66, and therefore deny them.

67.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 67, and therefore deny them.

68.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 68, and therefore deny them.

69.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 69, and therefore deny them.

70.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 70, and therefore deny them.

71.     Defendants are without sufficient information to form a belief as to the

truth of the allegations in Paragraph 71, and therefore deny them.

72.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 72, and therefore deny them.

73.     Defendants admit the allegations in Paragraph 73.

74.     Defendants admit that the cited statute concerns the creation of the Colorado Universal Preschool Program and admit that the cited statutory language is at Colo. Rev. Stat. § 26.5-4-204. Defendants deny the remaining allegations in Paragraph 74.

75.     Defendants admit that the legislative declaration at Colo. Rev. Stat. §§ 26.5-4-202(1)(a)(V) and (VI) concern Colorado voters' approval of proposition EE and the creation of a statewide mixed delivery system of preschool providers to make preschool programming universal; Defendants deny that the quoted language appears verbatim in the cited statute. Defendants deny the remaining allegations in Paragraph 75.

76.     Defendants admit that the Universal Preschool Program provides public funding for preschool services. Defendants deny the remainder of Paragraph 76 and accompanying footnote 1.

77.     Defendants admit that children may qualify for more hours if they meet qualifying factors defined in statute and rule. Defendants deny the remaining allegations in Paragraph 77.

78.     Defendants admit that children may qualify for more hours if they

meet qualifying factors defined in statute and rule. Defendants deny the remaining allegations in Paragraph 78.

79.     Defendants admit that some 3-year-old children may qualify for Universal Preschool for the 2023-2024 school year. Defendants deny the remaining allegations in Paragraph 79.

80.     Defendants admit Paragraph 80.

81.     Defendants admit that the quoted language appears in Colo. Rev. Stat. § 26.5-4-204(2). Defendants deny the remainder of Paragraph 81.

82.     Defendants admit Paragraph 82.

83.     Defendants admit Paragraph 83.

84.     Defendants admit that providers that wish to participate in the Universal Preschool Program must be licensed and must sign a provider service agreement with the Colorado Department of Early Childhood. Defendants deny the remaining allegations in Paragraph 84.

85.     Defendants admit Paragraph 85.

86.     Defendants admit Paragraph 86.

87.     Defendants admit that the first UPK provider payments were made in August 2023. Defendants deny the remaining allegations in Paragraph 87.

88.     Defendants admit that for licensed providers to participate in the Universal Preschool Program, a provider must sign the service agreement with the Colorado Department of Early Childhood; Defendants deny the remaining

allegations in Paragraph 88.

89.     Defendants admit that for licensed providers to participate in the Universal Preschool Program, a provider must sign the service agreement with the Colorado Department of Early Childhood. Defendants deny the remaining allegations in Paragraph 89.

90.     Defendants admit that the quoted language appears to be taken from the Program Service Agreement.  The remainder of the allegations in paragraph 90 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

91.      The allegations in Paragraph 91 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

92.     Defendants deny Plaintiff's allegations in Paragraph 92.

93.     Defendants deny Plaintiff's allegations in Paragraph 93.

94.     Defendants admit that preschool providers may give preference to children who have siblings enrolled in that school and to children whose parents are employees of that school. Defendants deny the remaining allegations in Paragraph 94.

95.     Defendants deny Plaintiff's allegations in Paragraph 95.

96.     Defendants deny Plaintiff's allegations in Paragraph 96.

97. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 97, and therefore deny them.

98. Defendants admit that when Plaintiff registered to participate in the Universal Preschool Program it was asked to sign a Service Agreement. Defendants deny the remaining allegations in Paragraph 98.

99. Defendants admit to Paragraph 99.

100. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 100, and therefore deny them.

101. Defendants admit that what is attached as Plaintiff's Exhibit 8 appears to be a letter addressed to Governor Jared Polis; Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 101, and therefore deny them.

102. Defendants admit that the quoted language appears in Exhibit 8. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 102, and therefore deny them.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants admit that the quoted language appears in Exhibit 8. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 104 and therefore deny them.

105. Defendants admit Plaintiff's Exhibit 9 appears to be a copy of correspondence from Dr. Lisa Roy. Defendants deny the remaining allegations in

Paragraph 105.

106.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 106, and therefore deny them.

107.    Defendants admit that attached is Plaintiff's Exhibit 10 which appears to be an e-mail chain; Defendants deny the remaining allegations in Paragraph 107.

108.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 108, and therefore deny them.

109.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 109, and therefore deny them.

110.    The allegations in Paragraph 110 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

111.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 111, and therefore deny them.

112.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 112, and therefore deny them.

113.    Defendants deny Plaintiff's allegations in Paragraph 113.

114.    Defendants admit that the quoted language appears in Exhibit 10. Defendants deny Plaintiff's remaining allegations in Paragraph 114.

115.    Defendants deny Plaintiff's allegations in Paragraph 115.

116.    Defendants are without sufficient information to form a belief as to the

truth of the allegations in Paragraph 116, and therefore deny them.

117.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 117, and therefore deny them.

118.    The allegations in Paragraph 118 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

119.    The allegations in Paragraph 119 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

120.    The allegations in Paragraph 120 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

121.    The allegations in Paragraph 121 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

122.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 122, and therefore deny them.

123.    The allegations in Paragraph 123 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

124.    Defendants deny Plaintiff's allegations in Paragraph 124.

125.    Defendants deny Plaintiff's allegations in Paragraph 125.

126.    Defendants deny Plaintiff's allegations in Paragraph 126.

127.    The allegations in Paragraph 127 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

128.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 128, and therefore deny them.

129.    The allegations in Paragraph 129 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

130.    The allegations in Paragraph 130 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

131.    The allegations in Paragraph 131 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## IV.    ANSWER TO FIRST CLAIM FOR RELIEF

132.    Defendants incorporate by reference their answer to Paragraphs 1–131 above.

133.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 133, and therefore deny them.

134.    The allegations in Paragraph 134 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

135.    The allegations in Paragraph 135 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

136.    The allegations in Paragraph 136 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

137.    The allegations in Paragraph 137 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

138.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 138, and therefore deny them.

139.    The allegations in Paragraph 139 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

140.    The allegations in Paragraph 140 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

141.    The allegations in Paragraph 141 are legal contentions to which no

response is required. To the extent a response is required, Defendants deny the allegations.

## V.     ANSWER TO SECOND CLAIM FOR RELIEF

142.    Defendants incorporate by reference their answers to Paragraphs 1–141 above.

143.    The allegations in Paragraph 143 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

144.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 144, and therefore deny them.

145.    Defendants deny the allegations in Paragraph 145.

146.    The allegations in Paragraph 146 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

147.    The allegations in Paragraph 147 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## VI.    ANSWER TO THIRD CLAIM FOR RELIEF

148.    Defendants incorporate by reference their answers to Paragraphs 1–147 above.

149.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 149, and therefore deny them.

150.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 150, and therefore deny them.

151.     The allegations in Paragraph 151 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

152.     The allegations in Paragraph 152 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

153.     The allegations in Paragraph 153 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

154.     The allegations in Paragraph 154 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

155.     The allegations in Paragraph 155 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

156.     The allegations in Paragraph 156 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the

allegations.

157.    The allegations in Paragraph 157 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## V.    ANSWER TO FOURTH CLAIM FOR RELIEF

158.    Defendants incorporate by reference their answers to Paragraphs 1–157 above.

159.    The allegations in Paragraph 159 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

160.    The allegations in Paragraph 160 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

161.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 161, and therefore deny them.

162.    The allegations in Paragraph 162 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

163.    The allegations in Paragraph 163 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

164.    The allegations in Paragraph 164 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## VI.            ANSWER TO FIFTH CLAIM FOR RELIEF

165.    Defendants incorporate by reference their answers to Paragraphs 1–164 above.

166.    The allegations in Paragraph 166 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

167.    The allegations in Paragraph 167 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

168.    The allegations in Paragraph 168 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

169.    The allegations in Paragraph 169 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

170.    The allegations in Paragraph 170 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## VII.   ANSWER TO SIXTH CLAIM FOR RELIEF

171.    Defendants incorporate by reference their answers to Paragraphs 1–170 above.

172.    The allegations in Paragraph 172 are legal contentions to which no response is required. To the extent a response is required, Defendants admit the Equal Protection Clause prohibits discrimination.

173.    The allegations in Paragraph 173 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

174.    Defendants deny the allegations in Paragraph 174.

175.    Defendants deny the allegations in Paragraph 175.

176.    The allegations in Paragraph 176 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

177.    The allegations in Paragraph 177 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## V.  ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief it requests in Paragraphs A, B, C, D and E.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following defenses, for which Defendants do not concede that they bear the burden of persuasion or proof.

A.    Darren Patterson Christian Academy lacks standing to bring this lawsuit.

B.    This lawsuit is not ripe.

C.    The Program is not unconstitutional.

D.    Defendants reserve the right to raise additional affirmative defenses as appropriate.

Respectfully submitted this November 6, 2023.

> PHILIP J. WEISER
> Attorney General
>
> s/ Virginia R. Carreno
> *VIRGINIA R. CARRENO, #40998*\*
> Second Assistant Attorney General
> *JANNA K. FISCHER*, #44952\*
> Senior Assistant Attorney General
> MICHELE MULHAUSEN, #42428
> Assistant Attorney General
> RYAN LORCH, #51450\*
> Senior Assistant Attorney General
> BRIANNA S. TANCHER, #55177\*
> Assistant Attorney General
> Colorado Attorney General's Office
> 1300 Broadway, 6th Floor
> Denver, Colorado 80203
> Telephone: (720) 508-6000
> Email:virginia.carreno@coag.gov
>            janna.fischer@coag.gov

michele.mulhausen@coag.gov
ryan.lorch@coag.gov
brianna.tancher@coag.gov
*Attorneys for Defendants*
*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

Jacob E. Reed
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
Email: jreed@ADFlegal.org

David A. Cortman
Ryan J. Tucker
Jeremiah Galus
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
Email: dcortman@ADFlegal.org; rtucker@ADFlegal.org; jgalus@ADFlegal.org

*Attorneys for Plaintiff*

s/ Bonnie Smith
Bonnie Smith