# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01557-DDD-STV

DARREN PATTERSON CHRISTIAN ACADEMY
    Plaintiff,
v.

LISA ROY, in her official capacity as Executive Director of the Colorado Department of Early Childhood; and

DAWN ODEAN, in her official capacity as Director of Colorado's Universal Preschool Program,
    Defendants.

## STIPULATED PROTECTIVE ORDER

Entered By Magistrate Judge Scott T. Varholak

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, as well as any court filings attaching or disclosing protected documents, materials, or information. As set forth in Paragraph 11, any request to restrict public access to any documents filed with the Court must comply with D.C.COLO.LCivR 7.2. Designation hereunder shall not be construed as determining any evidentiary ruling at trial.

    2.    As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy or business interests of a party, including but not

limited to: medical and personal financial information, private personnel information, trade secrets, and other proprietary business information. Information designated "ATTORNEYS' EYES ONLY" (or "AEO") shall be information that is confidential and implicates the privacy or investigatory or penal interest of any non-parties who have provided their protectible information in confidence to a party, or who are under investigation by Defendants. CONFIDENTIAL and AEO information shall not be disclosed or used for any purpose except the preparation and trial and other court proceedings of this case.

4.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

   a.  attorneys actively working on this case and persons regularly employed or associated with said attorneys, as well as support vendors such as copy services or document or trial management services, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other court proceedings in this case;

   b.  the parties, including their designated representatives and non-litigation counsel;

   c.  expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

   d.  the Court and its employees ("Court Personnel") and the jury at trial;

   e. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   f. deponents, witnesses, or potential witnesses if they are the author or recipient of the protected materials or can show good cause for access to the party designating the material ("Designating Party") and that party agrees, or upon a finding of good cause by the Court if the Designating Party refuses to agree;

   g. the Colorado Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, C.R.S. § 10-1-128(5)(a) and Colo. Ins. Reg. 6-5-1;

   h. anyone as otherwise required by law; and

   i. other persons by written agreement of the parties, which may include a privately retained mediator or a Magistrate Judge of this Court for the purpose of conducting mediation between the parties.

ATTORNEYS' EYES ONLY documents, materials, and/or information (collectively "AEO information") shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to all those listed above in sub-paragraphs 4(a) and 4(c)-(i).

  5. Prior to disclosing any CONFIDENTIAL or AEO information to any person identified in sub-paragraph 4(c) (expert witnesses and consultants) or sub-paragraph 4(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its

provisions, including a specific acknowledgment that they are subject to the jurisdiction of this Court in any enforcement action hereunder. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by counsel for either party. It should be rare for persons listed in sub-paragraphs 4(c) or 4(f) to need access to AEO materials; consequently, counsel seeking such access shall first notify the designating party at least five (5) business days in advance of proposed access, to permit objection by the designating party, applying the procedures and standards of paragraph 9 below. If timely objected to, the proposed disclosure shall be held in abeyance pending Court determination.

6. Notwithstanding any other provision to the contrary, any person may be examined as a witness during a deposition concerning CONFIDENTIAL or AEO information—and no written acknowledgment or advance notice shall be required—when it is clear from the face of a document that the person had access to the information prior to being examined or when the person is the Designating Party or its officer, director, employee, representative, or agent.

7. Documents are designated as CONFIDENTIAL or as AEO by placing or affixing on the face page and upon each page containing protected material (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". The parties agree to make any designations hereunder at or before the time of disclosure and in any event no later than 10 business days after the close of fact discovery in this case.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL or AEO information, the deposition or portions thereof shall be designated as CONFIDENTIAL or AEO and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or AEO after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL or as AEO information until the 30-day period has expired. The court reporter may be asked to prepare and identify separate folios containing only the CONFIDENTIAL, the AEO, and the non-protected testimony.

9. A party may object to the designation of particular CONFIDENTIAL or AEO information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. If the parties cannot resolve the objection within 10 business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or as AEO to initiate a hearing utilizing this Court's discovery dispute procedures set forth in Magistrate Judge Varholak's Civil Practice Standards. If such a hearing is timely pursued, the disputed information shall be treated as CONFIDENTIAL or as AEO under the terms of this Protective Order until the Court issues a ruling on the dispute. If the designating party fails to pursue a hearing within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or as AEO and shall not thereafter be treated as CONFIDENTIAL or as AEO in accordance

with this Protective Order. The party designating the information as CONFIDENTIAL or as AEO shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or as AEO, and that every designation is consistent with the standards in Fed R. Civ. P 26(g).

10. Unless other arrangements are agreed upon in writing by the parties, within 30 days of the final determination of this action, including any appeals or remands, each person or party who has received CONFIDENTIAL or AEO information shall be obligated to return the CONFIDENTIAL or the AEO information, including any copies, to the designating party, or the receiving party may elect to destroy the CONFIDENTIAL or the AEO information, including any copies, and certify that it has been destroyed. The receiving party, however, need not destroy or return (a) any Confidential information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information.

11. Any request to restrict public access to materials designated as CONFIDENTIAL or as AEO pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. The party seeking to restrict a document filed with the Court containing CONFIDENTIAL or AEO information shall bear the burden of establishing that the document should be restricted.

12. The Parties agree to be bound by the terms of this Stipulated Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same

sanctions and penalties as if the Stipulated Protective Order had been entered by the Court at the time of the violation.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: April 5, 2024

BY THE COURT:

_____
Scott T. Varholak
United States Magistrate Judge