# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01557-DDD-STV

**DARREN PATTERSON CHRISTIAN ACADEMY**
    Plaintiff,
v.

**LISA ROY**, in her official capacity as Executive Director of the Colorado Department of Early Childhood; and

**DAWN ODEAN**, in her official capacity as Director of Colorado's Universal Preschool Program,
    Defendants.

## DEFENDANTS' MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO RULE 59(e)

Pursuant to Fed. R. Civ. P. 59(e), Defendants, Lisa Roy and Dawn Odean, request that this Court amend its Final Judgment. Because there is an ambiguity as to whether the Court entered final judgment on all claims, as required for Defendants to proceed on appeal, Defendants request the Court amend the Final Judgment to clarify its ruling to provide a clear basis for appellate jurisdiction.

## CERTIFICATION PURSUANT TO D.C.COLO.L.CIV. R. 7.1

Undersigned counsel conferred by e-mail with Plaintiff's counsel regarding this motion from March 19-24, 2025. Plaintiff is not opposed to the Court clarifying that summary judgment was granted for the Free Exercise claim alone, however Plaintiff has indicated its intention to file a response disagreeing with Defendants' position on the finality of the Judgment and Rule 54(b) certification.

1

1. On June 21, 2024, Defendants filed their Motion for Partial Summary Judgment seeking judgment in their favor on Counts 1 and 4 of the Complaint in their entirety and seeking judgment in their favor for the portions of Counts 2, 3, 5, and 6 that concerned Provision 18(B) in the 2023-34 Universal Preschool (UPK) Service Agreement. ECF 77.

2. That same day, Plaintiff moved for Summary Judgment, seeking an "order awarding the declaratory and injunctive relief requested in its Complaint." ECF 78.

3. Both motions were fully briefed by August 9, 2024. ECF 89, 90, 93, and 94.

4. On February 24, 2025, this Court issued an Order regarding both parties' motions for summary judgment. ECF 97.

5. This Court granted Defendants' Motion for Partial Summary Judgment and dismissed Counts 1 and 4, in their entirety, and Counts 2, 3, 5, and 6, in part, of Plaintiff's Complaint as moot. ECF 97 at 14.

6. This Court granted Plaintiff's Motion for Summary Judgment in part "to the extent it seeks a permanent injunction enjoining enforcement of the [UPK] Service Agreements' quality standards provision." *Id.* at 14-15.

7. Footnote 5 of the Order states: "[b]ecause a permanent injunction is justified on Free Exercise grounds alone, there is no need to address Plaintiff's additional contentions that Defendants' rules violate its rights under the Free

2

Speech and Equal Protection Clauses." *Id.* at 14 n.5 (citing to Pls.' Mot. for Summ. J., ECF 78 at 24-32).

8.  However, this Court's Final Judgment states that "all" claims have been resolved. ECF 98. This appears to conflict with Footnote 5.

9.  The Tenth Circuit Court of Appeals' ability "to review final decisions of the district courts is conferred by 28 U.S.C. § 1291. . . the 'final-judgment rule'". *Waltman v. Georgia-Pacific, LLC*, 590 F. App'x 799, 807 (10th Cir. 2014) (citing *Miami Tribe of Okla. v. United States*, 656 F.3d 1129, 1137 (10th Cir. 2011)).

10. Because Footnote 5 suggests that two of Plaintiff's claims have not yet been addressed, it is unclear whether this Court reached a final judgment on all claims as contemplated by 28 U.S.C. § 1291. If the Court did decide the Free Speech and Equal Protection Clause claims, Defendants request that the Court amend the Order and the Final Judgment to confirm that it did address and resolve those claims.

11. If the Court did not resolve Plaintiff's Free Speech and Equal Protection claims, it may nevertheless certify the Free Exercise claim for appeal pursuant to Fed. R. Civ. P. 54(b).

12. Pursuant to Rule 54(b), a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties [] if the court expressly determines that there is no just reason for delay." Fed R. Civ. P. 54(b); *Deffenbaugh Indus., Inc. v. Unified Gov't of Wyandotte Cnty.*, No. 22-3147, 2023 WL 4363439, at

3

\*8-11 (10th Cir. 2023).

13. Here, Plaintiff's Free Exercise claim is a separate claim from Plaintiff's Free Speech and Equal Protection claims. Although the core conduct at issue and the relief sought under each claim is the same, they concern different legal tests and different factual analyses. *See Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1103, 1105 (10th Cir. 1973) (holding claims were separate for purposes of Rule 54(b) even though they requested "identical damages" and were "premised upon related facts"); *cf. Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (holding that First Amendment vagueness and overbreadth challenges were not separate claims because "they generally involve the same nucleus of facts, and require similar analysis of the terms and reach of the challenged provision."). Free Exercise, Free Speech, and Equal Protection are all distinct constitutional protections with entirely independent legal analyses. Thus, this Court may direct entry to judgment as to the Free Exercise claim.

14. To certify a claim for appeal pursuant to Rule 54(b), the Court must also determine that there is "no just reason for delay" and "spell out the reasons why an appeal is permissible immediately, and need not await the resolution of all pending issues." *Waltman*, 590 F. Appx. at 809. Review of a district court's determination that there is no just reason for delay is reviewed only for abuse of discretion. *Id.* at 808.

15. "The determination that there are no just reasons to delay appeal of individual judgments must take into account judicial administrative interests as well as the equities involved." *Atl. Richfield Co. v. Laguna Constr. Co., Inc.*, No. 17-2002, 2017 WL 11687572, at *2-3 (10th Cir. 2017) (citing *Curtiss-Wright v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). The district court's assessment of the equities is afforded "substantial deference." *Id.*

16. Accordingly, if the Court did not resolve the Free Speech and Equal Protection claims, Defendants ask this Court to clarify or amend its Order and Final Judgment to state that there is no just reason to delay appeal of the Free Exercise claim and that the Court has certified the Free Exercise claim under Fed. R. Civ. P. 54(b).

WHEREFORE, pursuant to Fed. R. Civ. P. 59(e), Defendants respectfully request that this Court amend or clarify its Order and Final Judgment.

Respectfully submitted this 24th day of March, 2025.

>PHILIP J. WEISER
>Attorney General
>
>*s/     Brianna S. Tancher*
>VIRGINIA R. CARRENO*
>Second Assistant Attorney General
>JANNA K. FISCHER*
>Senior Assistant Attorney General
>MICHELE MULHAUSEN*
>Assistant Attorney General
>BRIANNA S. TANCHER*
>Assistant Attorney General
>J. GREGORY WHITEHAIR*
>Senior Assistant Attorney General

5

                                                Colorado Attorney General's Office
                                                1300 Broadway, 6th Floor
                                                Denver, Colorado 80203
                                                Telephone: (720) 508-6000
                                                Email: virginia.carreno@coag.gov
                                                          janna.fischer@coag.gov
                                                          michele.mulhausen@coag.gov
                                                          brianna.tancher@coag.gov
                                                          greg.whitehair@coag.gov
                                                *Attorneys for Defendants*
                                                *Counsel of Record

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

      I hereby certify that on March 24, 2025, I electronically filed the foregoing **DEFENDANTS' MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO RULE 59(e)** with the Clerk of Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

Jacob E. Reed
Philip A. Sechler
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
Email: jreed@ADFlegal.org; psechler@ADFlegal.org

David A. Cortman
Ryan J. Tucker
Jeremiah Galus
Bryan Neihart
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
Email: dcortman@ADFlegal.org; rtucker@ADFlegal.org; jgalus@ADFlegal.org; bneihart@ADFlegal.org
*Attorneys for Plaintiff*

  /s/   Bonnie Smith