IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01557-DDD-STV

DARREN PATTERSON CHRISTIAN
ACADEMY,

        *Plaintiff,*

    v.

LISA ROY, et al.,

        *Defendants.*

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO RULE 59(e)**

    Two days before their appeal deadline, Defendants filed a motion asserting that they cannot "proceed on appeal" because it is "unclear whether this Court reached a final judgment." Defs.' Mot. to Alter or Amend a Judgment 1, 3 (ECF No. 101). But that's wrong. "A final decision is one by which a district court disassociates itself from a case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408 (2015) (cleaned up). And here, the Court issued an order and final judgment that granted Plaintiff complete relief and expressly ordered "that this case is closed." ECF Nos. 97, 98. Because the Court "signal[ed] that it is finished with its work by entering final judgment under Rule 58, its order is final and appealable." *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 763 (7th Cir. 2015). Resorting to Rule 54(b), as Defendants suggest (*see* Defs.' Mot. at 3), would therefore be inappropriate and inconsistent with the Court's order.

1

This is true even though the Court did not adjudicate Plaintiff's Free Speech and Equal Protection claims. As the Court explained, there was "no need" to address those claims because "a permanent injunction is justified on Free Exercise grounds alone." ECF No. 97 at 14 n.5. Such judicial restraint does not make an order and judgment any less final. *See, e.g., Hafen v. Howell*, 121 F.4th 1191, 1199 n.6 (10th Cir. 2024) (concluding that it had "appellate jurisdiction under 28 U.S.C. § 1291" because the plaintiff "received complete relief" and the district court's "order finally disposed of the case such that it is not subject to further proceedings in federal court," even though the district court left some claims "undecided").

That said, Plaintiff recognizes that both the order and final judgment say that summary judgment was granted for Plaintiff on "all . . . remaining claims." ECF No. 97 at 14; ECF No. 98 at 2. Given the Court's statement that the permanent injunction is "justified on Free Exercise grounds alone," ECF No. 97 at 14 n.5, Plaintiff has no objection to this Court amending the judgment to clarify that summary judgment was granted only for the Free Exercise claim and that it was unnecessary to reach the Free Speech and Equal Protection claims.

Respectfully submitted this 25th day of March, 2025,

|  |  |
|---|---|
| Philip A. Sechler, VA Bar #99761 | s/ Jeremiah Galus |
|  | David A. Cortman, AZ Bar #029490 |
| Jacob E. Reed, VA Bar #97181 | Ryan J. Tucker, AZ Bar #034382 |
| ALLIANCE DEFENDING FREEDOM | Jeremiah Galus, AZ Bar #030469 |
| 44180 Riverside Parkway | Bryan Neihart, AZ Bar #035937 |
| Lansdowne, VA 20176 | ALLIANCE DEFENDING FREEDOM |
| Telephone: (571) 707-4655 | 15100 N. 90th Street |
| Email: psechler@adflegal.org | Scottsdale, AZ 85260 |
| jreed@adflegal.org | Telephone: (480) 444-0020 |
|  | Email: dcortman@adflegal.org |
|  | rtucker@adflegal.org |
|  | jgalus@adflegal.org |
|  | bneihart@adflegal.org |

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 25, 2025

<u>s/ Jeremiah Galus</u>
Jeremiah Galus
Attorney for Plaintiff

4